UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUSTIN RUOCCO : PRISONER
: CIVIL NO. 3:02 CV 1443 (DJS)(TPS)
V. :
:
DR. MINGZER TUNG, et al. : FEBRUARY 15, 2004

LOCAL Rule 9(c) 2 Statement
PLAINTIFFS ANSWERS AND DISPUTATIONS OF DEFENDANTS
VERSION OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS
OBJECTION TO DEFENDANTS SUMMARY JUDGMENT MOTION

1. The plaintiff has no personal knowledge or can produce no evidence contrary to the statements made in paragraphs (1) one through (4) Four, therefore, they are undisputed.

2. Paragraph (5) Five is hesitantly admitted, although very disputable. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO,

3. Paragraph (6) six is undisputed. PLAINTIFF'S MEDICAL RECORDS OF PRE-INCARCERATION DOCTORS, AFFIDAVIT OF RUOCCO, EXHIBITS

4. Paragraph (7) seven is partially admitted and partially denied, DR. Weisman was the Plaintiffs primary physician from September 20, 1996 through August 14, 1998. Then the plaintiff, with a referral from DR. Weisman had a specialist, DR. Sood take over as primary physician. As should any responsible Physician DR. Weisman informed the plaintiff of the risks of taking narcotic medication. MEDICAL RECORDS from DR. WEISMAN, AFFIDAVIT OF RUOCCO EXHIBITS.

5. Paragraph (8) eight is disputed and denied. The plaintiffs D.O.C. medical records are inaccurate. The FACT is, the plaintiff has been in only one detoxification, which was for five days. The plaintiff did this of his own will in mid 1999, so it was monitored and done safely. He did this to see if he still had unbearable pain and if he needed to continue taking pain medication. His pain was intolerable and he did need to continue taking pain medication. AFFIDAVIT of Ruocco.

6. Paragraph (9) nine is disputed and denied. The plaintiff told DR. Tung that this was false inaccurate information, DR. Tung continuously wrote defaming libel entries in his D.O.C. medical file about drugs. DOC medical RECORDS, AFFIDAVIT OF Ruocco, EXHIBITS.

7. Paragraph (10) Ten is undisputed. DOC. MEDICAL RECORDS, AFFIDAVIT OF Ruocco.

8. Paragraph (11) eleven is disputed and denied. The plaintiff always has some difficulty, he walks with his foot slightly turned out and bears most of his weight on his heel. AFFIDAVIT OF Ruocco.

9. Paragraph (12) Twelve is partially admitted partially denied. DR. Tung gave the plaintiff a flimsy soft foam rubber arch cushion, identical to the type sold in any grocery store. The Plaintiff has no problem with his arch, therefore this arch cushion was of no use to the plaintiff, in addition he did not have adequate footwear at this time. DR. Tung denied he needed special footwear. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

10. So much of paragraph (13) Thirteen which states DR. Tung requested a neurology consult from the Utilization Review Committee (U.R.C.) on May 8, 2000 is undisputed. The referred to "exhibits from medical records" were not found. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

11. Paragraph (14) Fourteen is undisputed. D.O.C MEDICAL RECORDS.

12. Paragraph (15) Fifteen is disputed. The Plaintiff has a well documented extremely painful medical condition, in his foot, that does not change. It is unnecessary and cruel to make him climb up + down a metal rung ladder to get on a top bunk. PRE-INCARCERATION MEDICAL RECORDS, DOC. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

13. Paragraph (16) Sixteen is disputed. The bottom bunk pass ordered by DR. Wright on May 26, 2001 was permanent not time-limited and when the Plaintiff got to Osborn C.I. he was issued a bottom bunk pass to end of sentence (E.O.S.). D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO EXHIBITS.

3.

14. Paragraph (17) seventeen is disputed. In the plaintiffs case with the history of a very painful foot condition, a bottom bunk pass to eliminate him having to climb, should have been issued to him automatically. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

15. Paragraphs (18) eighteen and (19) nineteen are undisputed. DOC MEDICAL RECORDS.

16. So much of paragraph (20) Twenty which states the X-ray was negitive no fracture or dislocation is undisputed. Where it states no evidence of old fracture is disputed. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

17. Paragraph (21) Twenty one is disputed and denied. When a certian level of medical care is required to prevent suffering and he has been on the same type of pain medication for almost 3 years, which was confirmed, ubruptly stopping this medication is very unsafe. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, INSTRUCTIONS AND WARNINGS FOR OXYCONTIN FROM PURDUE PHARMA, EXHIBITS.

18. As to paragraph (22) Twenty two the plaintiff only can speak about his documented medical history and serious medical indications and needs, therefore this paragraph is disputed. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

4

19. Paragraph (23) Twenty three disputed and denied. DR. Tung Prescribed narcotic pain medication, Tylenol #3, on 2 occasions, not several, and one of those occasions was for a possible kidney stone not for his foot. DR. Tung prescribed narcotic pain medication one time for seven days for the Plaintiff's foot condition. DR. Tung's statement says when there was medical indication of severe pain. The Plaintiff is always in severe pain and the indication was always there. PRE-INCARCERATION RECORDS, DOC MEDICAL RECORDS AFFIDAVIT OF RUOCCO, EXHIBITS.

20. Paragraph (24) Twenty Four is disputed. As to the first statement: the Plaintiff had been on the same type of pain medication from September 20, 1996 and was constantly under the care of a specialist. Nothing had changed as far as his diagnosis in almost 3 years before he was incarcerated and nothing changed in the time between he saw DR. Sood last and when he saw DR. Tung. Except he was really suffering. As to his second statement: DR. Sood's note in January 1999 does not indicate eliminating the narcotic medication regimen, he added neurontin, a neuropathic medication, to the narcotic not in place of the narcotic. As to the third statement: The Plaintiff's medical problem did not just go away, he was and had been suffering to a unbearable degree and these symptoms were clearly evident. PRE-INCARCERATION MEDICAL RECORDS DOC. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, EXHIBIT.

21. Paragraph (25) Twenty five is disputed. A general physician should look at a patients medical history, from all the specialists who have treated the plaintiff and see what type of Treatment has been effective. In this case DR. Tung did not and would not take a medical history, only giving a cursory look at the plaintiffs foot then wrote defaming entries in the plaintiffs D.O.C. medical records. MEDICAL RECORDS OF PRE-INCARCERATION DOCTORS, D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

22. Paragraph (26) Twenty six is disputed and denied. Given the Plaintiffs well documented injury and the effective treatment he had been receiving, constantly, from the day of his injury. He was not Treated properly, in fact he was treated with deliberate indifference. MEDICAL RECORDS OF PRE-INCARCERATION DOCTORS, DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

23. The plaintiff has no personal knowledge or can produce no evidence contrary to the statements made in paragraphs (27) twenty seven through (31) thirty one, therefore, they are undisputed.

24. Paragraph (32) Thirty two is undisputed. DOC. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

6.

25. Paragraph (33) Thirty three is undisputed. Dr. Wright did a thorough examination and made a honest diagnosis before Dr. Tung got involved and interfered. D.O.C MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

26. Paragraph (34) Thirty four is undisputed. This is Dr. Wrights first, honest impression of the type of medication the plaintiff should take to prevent unnecessary suffering. This was before Dr. Tung interfered. D.OC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

27. Paragraph (35) Thirty five is undisputed. D.O.C. MEDICAL RECORDS AFFIDAVIT OF RUOCCO,

28. Paragraph (36) Thirty six is disputed. Dr. Wright did order the plaintiff to get orthopedic shoes on February 10, 2001. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, EXHIBITS FROM D.O.C. MEDICAL RECORDS DATED 2-10-01

29. Paragraph (37) Thirty seven is disputed. The plaintiff told Dr. Wright about the two pairs of special shoes that were sent home and in order for him to get the necessary footwear as needed to help him walk with less movement and pain he needed a doctors order. Dr. Wright wrote a order which is clear on three pages of the plaintiffs D.O.C. MEDICAL RECORD. D.O.C. MEDICAL RECORD, AFFIDAVIT OF RUOCCO, EXHIBITS

7.

30. Paragraph (38) Thirty Eight is partially disputed and partially undisputed. On March 10, 2001 DR. Wright ordered a bottom bunk for the plaintiff for two months, then re-evaluate. Then on May 26, 2001 DR. Wright ordered a bottom bunk pass for the plaintiff, this was permanant, no time limit. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF Ruocco EXHIBITS.

31. Paragraph (39) Thirty Nine is disputed. On March 26, 2001, a Monday, DR. Tung cancelled the medication orders written just two days prior by DR. Wright, on Saturday March 24, 2001. The plaintiff asked DR. Wright about that particular event when he saw him on May 26, 2001. DR. Wright told the plaintiff about DR. Tung being the one who cancelled those medication orders and that he was not happy about DR. Tungs interference, in addition now he had to get me to a U.R.C. consultation before he could order any further needed narcotic medication. D.O.C. MEDICAL RECORDS AFFIDAVIT OF Ruocco.

32. Paragraph (40) Forty is disputed. This is absolutely in direct contrast to what DR. Wright told the plaintiff and what DR. Wrights notes clearly indicate in the plaintiffs D.O.C. medical records. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF Ruocco

8.

33. Paragraph (41) Forty one is undisputed. D.O.C. MEDICAL RECORDS

39. So much of paragraph (47) forty seven which states DR. Wright ordered naproxen is undisputed. The plaintiff had taken naproxen in the past, for long periods of time, It did nothing for his pain and upset his stomach. DR. Wright knew this therefore the rest of the paragraph is a subterfuge and is denied and disputed. DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

40. Paragraph (48) forty eight is undisputed. DR. Wright keep on submitting U.R.C. requests. In his words he "needed a leg to stand on", someone else to say a certian level of medical care / pain management is needed. So he could override DR. Tung. DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

41. Except for the proper date of approval being February 4, 2002, paragraph (49) forty nine is undisputed. DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

42. So much of paragraph (50) fifty which states the plaintiff saw DR. Fedus on February 26, 2002, is undisputed. However due to deceptive wording the remainder of the paragraph is disputed. DR. Fedus clearly stated his findings of neuroma with excessive dendrites, crushed nerve sheath with flaring of nerve endings from crush injury. DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO EXHIBITS.

10.

43. So much of paragraph (51) fifty one which states DR. Fedus recommended a full length orthotic insert is undisputed. As for the rest of the paragraph, which is a blatant subterfuge due to the deceptively twisted wording and inaccurate information stated the remainder of the paragraph is disputed. DR. Fedus recommended both the full length orthotic and use of appropriate analgesics (opoids). In addition, DR. Fedus told the Plaintiff of a irreversible invasive nerve cap operation, where the foot is opened and the nerve sheath is severed and plastic caps are put on the end. DR. Fedus described it like "wire nuts on wire". The Plaintiff had been repeatedly warned not to open his crushed foot by his specialists, further the plaintiff had a less invasive and reversible procedure planned before he became incarcerated, which was not offered to him.

The Plaintiff had two nerve blocks done, both unsuccessful. The procedure offered was not a nerve block. DOC. MEDICAL RECORDS, PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

44. Paragraph (52) is disputed, The Plaintiff was not offered a nerve block treatment. He was offered a irreversible invasive nerve cap operation. Taking into consideration his specialists' advice he is against this operation. PRE-INCARCERATION MEDICAL RECORDS, D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO EXHIBITS

11.

45. Paragraph (53) fifty three is disputed. DR. Fedus explained to the Plaintiff at this consultation that he was consulted for recommendations only and was not permitted to order anything, which his findings clearly reflect. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, EXHIBIT

46. Paragraph (54) fifty four is disputed. First The Plaintiffs D.O.C. medical records clearly show that DR. Tung has written unfounded slanderous entries in the plaintiffs medical file from the first time he saw the Plaintiff. Second, DR. Wright only stopped prescribing opiod pain medication when DR. Tung interfered with his orders. After the Plaintiff was seen by DR. Wright and DR. Fedus' recommendations were reviewed, DR. Wright again prescribed opiods. This is agian a lie in a affidavit, submitted to this Court as a Subterfuge. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

47. Paragraph (55) fifty five is disputed, AS to DR. Tung, he knew of and disregarded the plaintiffs need for pain management, deliberately. DR. Wright ordered opiod pain medication until DR. Tung interfered, then after the Plaintiff was seen by DR. Fedus and DR. Wright said "he now had a leg to stand on" he again ordered opiod pain medication, he needed DR. Fedus as a corroborator to overrule DR. Tung. However, DR. Wright has now made a affidavit in bad faith purposely to deceive the Court and protect DR. Tung - his colleague. D.O.C. MEDICAL RECORDS AFFIDAVIT OF RUOCCO

12.

48. Paragraph (56) fifty six is disputed. The Plaintiff was never offered any medical procedures. The only single conversation that ever took place about a medical procedure was when DR. Fedus explained the nerve cap. At the time of this conversation the Plaintiff told DR. Fedus that his specialists' had all advised him not to open his foot. To invasive surgical procedures. The Plaintiff had a reversible less invasive surgery planned prior to his being incarcerated, This or any other procedure's were never offered to him. PRE-INCARCERATION MEDICAL RECORDS, DOC MEDICAL RECORDS, AFFIDAVIT OF Ruocco.

49. Paragraph (57) fifty seven is disputed. This statement both in this document and DR. Wrights affidavit is more deception. In the Plaintiffs D.O.C. medical records all DR. Wrights orders and clinical notes are a contradiction to this statement. DR. Wright prescribed opiods for the plaintiff from the first time he examined him until DR. Tung interfered, Then in his words He "needed a leg to stand on" to overrule DR. Tung so he kept requesting a U.R.C. Consult until that was approved, Then when he read DR. Fedus' recommendations for the plaintiff which included the of opiod analgesic medication he again ordered the plaintiff receive opiod pain medication. This again shows DR. Wright made false, deceptive statements in his affidavit to this court. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF Ruocco

13.

50. Paragraph (58) fifty eight is disputed. After DR. Tung interfered that is when DR. Wright ordered Naproxen while he pushed to get the plaintiff a URC Consultation. He prescribed opiod pain medication again once he got DR. Fedus' recommendations. DOC MEDICAL RECORDS AFFIDAVIT OF RUOCCO

51. Paragraph (59) fifty nine is partially disputed partially undisputed for almost Two years DR. Tung repeatedly told the plaintiff and wrote in his D.O.C. medical Records that he did-Not need any special shoes or boots. Contrarily DR. Wright said and wrote orders for the plaintiff to get orthopedic boots over a year before He was seen by DR. Fedus who also recommeded the plaintiff get the necessary adequate footwear. That is when DR. Tung all of a sudden agreed The plaintiff should get special footwear. The plaintiff had the necessary footwear when he got to GARNER CI. D.O.C MEDICAL RECORDS AFFIDAVIT OF RUOCCO

52. Paragraph (60) sixty is disputed special boots JUST as store bought boots can be used as a weapon or to Conceal Contraband so this is another statement made to deceive the Court and protect DR. Tung. DR Wright ordered the plaintiff get orthopedic boots from home one year before the plaintiff was seen by DR. Fedus. D.O.C MEDICAL RECORDS AFFIDAVIT OF RUOCCO

53. So much of paragraph (61) sixty one which states bottom bunk passes are issued only when deemed medically appropriate is admitted, the rest of the paragraph is disputed. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

54. Paragraph (62) sixty two is undisputed. Physicians should consider the patients medical history when making a treatment decision. In addition, a physician who makes false, inaccurate, and purposely misleading statements in a affidavit to cover for their colleagues is not utilizing that physicians best judgment. PRE-INCARCERATION MEDICAL RECORDS, DOC MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, EXHIBIT

55. Paragraphs (63) sixty three (64) sixty four and (65) sixty five are undisputed, The plaintiff has no personal knowledge or can produce no evidence to the contrary of these statements

56. Paragraph (66) sixty six is undisputed. The plaintiff was seen by DR. Giarratana on one occasion, at which time he was never examined at all. DR. Giarratana never looked at the plaintiff injured foot so how he could make a medical judgment without a examination is not known. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

57. So much of paragraph (67) sixty seven which states plaintiff recently seen DR. Fedus who recommended a full length orthotic insert for shoe and that DR. Fedus recommended the use of appropriate analgesics (opiods) is undisputed. Where this paragraph states a nerve block for consideration, that is disputed, a nerve block was not offered, in addition the Plaintiff has had (2) two nerve blocks done previously. D.O.C. MEDICAL RECORDS, PRE INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF Ruocco, EXHIBITS

58. Paragraph (68) sixty eight is disputed. DR. Giarratana never did any kind of examination on the plaintiff, further DR. Tung put a stop to any other physicians prescribing any medications (opiods) and only allowed Tylenol, motrin or naproxen, as he did with DR. Wright. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF Ruocco.

59. Paragraph (69) sixty nine is disputed. The plaintiff's medical records clearly indicate a serious medical problem and clearly demonstrate the need for pain management. Therefore a complete review of plaintiff's medical records could not have been done by DR. Giarratana before he made any kind of decision. PRE-INCARCERATION MEDICAL RECORDS, D.O.C. MEDICAL RECORDS, AFFIDAVIT OF Ruocco

16.

60. Paragraph (70) seventy is undisputed. DOC. MEDICAL RECORDS

61. Paragraph (71) seventy one is disputed. The Plaintiff was not informed of DR. Giarratana's decision on his case and the two entries subsequently following his entry on May 20, 2002 clearly show this statement is false. DOC MEDICAL RECORDS, AFFIDAVIT OF Ruocco EXHIBIT

62. Paragraph (72) seventy Two is disputed. First, DR. Weisman referred and released the Plaintiff to the care of DR. Sidhu then to DR. Sood over one year prior to the plaintiff's incarceration, at the time of the Plaintiff's incarceration he had been exclusively under the care of DR. Sood since January 1999. Second, DR Weisman treated the Plaintiff for almost two years. The entire two years the plaintiff was prescribed the same narcotic pain medication, as any good physician should DR. Weisman educated and warned the plaintiff of the risks of taking narcotic medication for long term relief. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF Ruocco EXHIBIT

63. Paragraph (73) seventy three is disputed. DR. Sood continued the necessary pain medication and suggested a trial of a spinal cord stimulator which the plaintiff was going to have done, however he was incarcerated before that trial procedure was done. This trial was not a gaurantee and should it not have worked the medication would have continued. PRE-INCARCERATION MEDICAL RECORDS AFFIDAVIT OF Ruocco EXHIBITS

17.

64. Paragraph (74) seventy four is undisputed. The plaintiff was not using any illegal substances when he met with Dr. Sood. He was only taking his prescribed long standing pain medication regimen. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO.

65. Paragraph (75) seventy five is disputed. The plaintiff has only undergone one detoxification treatment, which was for five days. The plaintiff chose to go to this detoxification facility to see if he still needed to be on this pain medication he had been constantly on for over two years. This decision was made by him so he was monitored and safe because just stopping this type of medication is very unsafe and risky. He had been warned by Dr. Sood of the danger, therefore he chose this option. PRE-INCARCERATION MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, Precautions from PURDUE PHARMA EXHIBITS.

66. Paragraph (76) seventy six is partially disputed partially undisputed. The plaintiff was suffering from severe withdrawl symptoms because he was not given the medications prescribed to him. All the noted withdrawl symptoms written in his DOC medical records are consistent with the medication withdrawl symptoms printed in the oxycontin patient + product information from Purdue Pharma L.P., which is the manufacturer of the medication the plaintiff was prescribed, oxycontin. PRE-INCARCERATION MEDICAL RECORDS, D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO, Product Information from PURDUE PHARMA L.P. EXHIBIT

18.

67. Paragraph (77) seventy seven is disputed. The plaintiff was seen by DR. Berkowitz long before October 26, 1999. He kept giving the plaintiff mental health medication when his whole problem of not sleeping, anxiety and stress revolved around the plaintiff's medical foot problem, not mental health problems, even when they had the plaintiff in a strip cell. D.O.C. MEDICAL RECORDS, AFFIDAVIT OF RUOCCO

DUSTIN RUOCCO
Plaintiff
Pro-se

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of February 2004:

~~Assistant~~ AAG
Assistant Attorney General
Michael J Lanoue
110 Sherman Street
Hartford, CT. 06105

Dustin Ruocco
Plaintiff
Pro-Se

(Local Rule 9(a)C Statement)