UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

DUSTIN RUOCCO,

    Plaintiff,

v.

MINZGER TUNG and STEVEN STEIN,

    Defendants.

2004 JUN 14 P 6: 18

U.S. DISTRICT COURT
HARTFORD, CT.

No. 3:02CV1443(DJS)

## ORDER

Plaintiff, Dustin Ruocco, has filed a motion for a temporary restraining order (dkt. # 68), a motion for a preliminary injunction (dkt. # 69), and a request to utilize documentary evidence (dkt. # 70).

In the above-captioned matter, Ruocco has asserted claims against defendants Steven Stein and Minzger Tung pursuant to the Eighth Amendment to the U.S. Constitution seeking damages resulting from deliberate indifference to his medical needs. Ruocco has a serious medical condition. Specifically, Ruocco sustained a severe crush injury to his right foot, which broke his foot and certain toes in various places, causing nerve damage and other conditions incidental to his necessarily modified gait. Stein was a physician who treated Ruocco at the Bridgeport Correctional Center in 1999. Tung was a physician who treated Ruocco at Garner Correctional Institution in 2000 and 2001.

In his moving papers, Ruocco claims that two members of the medical staff at Osborn Correctional Institution, Dr. Omprekash

Pillai and Nurse Wollenhaupt, are currently denying him proper medication and specialized housing for his serious disability. Ruocco claims that Pillai and Wollenhaupt are phasing out his pain management narcotics, and that they have orchestrated his removal from a ward designed for inmates with disabilities.

Ruocco may not assert his new claims in the above-captioned matter. The court must have in personam jurisdiction over a person before it can validly enter an injunction against that person. See Doctor's Assocs., Inc. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, et al., Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). Pillai and Wollenhaupt are not defendants in this case. Thus, the court lacks jurisdiction to enjoin Pillai's and Wollenhaupt's actions.

Further, the court will not add Pillai and Wollenhaupt as defendants to this action. The incidents about which Ruocco now complains are unrelated to the incidents giving rise to the above-captioned lawsuit. Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive

relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The remaining allegations set forth in the complaint in the above-captioned matter relate to defendants Stein and Tung and the treatment they provided to Ruocco at the Bridgeport Correctional Center and the Garner Correctional Institution, respectively, during various time periods between 1999 and 2001.  In his moving papers, Ruocco complains about the conduct of two members of the medical staff at the Osborn Correctional Institution that occurred in May of 2004.  Besides the obvious relationship to Ruocco's medical condition in general, the two incidents are completely unrelated.  Thus, Ruocco's current request for preliminary injunctive relief is beyond the scope of this action.

Should Ruocco wish to obtain the relief he seeks, he must initiate a new lawsuit against the people he believes are violating his rights.  He must state his new claims in a complaint, and must comply with the service requirements of the

-3-

Federal Rules of Civil Procedure. Ruocco may, of course, move for a temporary restraining order at the same time he files his new complaint. The court takes no position on the merits of Ruocco's motions, and he is free to re-assert them in any subsequent lawsuit. However, the principles discussed herein simply preclude Ruocco from asserting his new claims in the above-captioned lawsuit.

Therefore, Ruocco's motion for a temporary restraining order (dkt. # 68), motion for a preliminary injunction (dkt. # 69), and request to utilize documentary evidence (dkt. # 70) are **DENIED without prejudice** to renewal in a subsequent lawsuit.

So ordered this 14th day of June, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE