UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 19 A 11:58
U.S. DISTRICT COURT
HARTFORD, CT.

DUSTIN RUOCCO,

    Plaintiff,

v.                                    No. 3:02CV1443(DJS)

MINZGER TUNG and STEVEN STEIN,

    Defendants.

## ORDER

Plaintiff, Dustin Ruocco, has filed a motion for a preliminary injunction (dkt. # 72). In the above-captioned matter, Ruocco has asserted claims against defendants Steven Stein and Minzger Tung pursuant to the Eighth Amendment to the U.S. Constitution seeking damages resulting from deliberate indifference to his medical needs. On June 14, 2004, this court denied Ruocco's June 4, 2004 requests for preliminary injunctive relief on the grounds that the individuals responsible for the harm complained of were not defendants in the above-captioned matter, and that the actions detailed by Ruocco were distinct from the basis of his pending lawsuit. (See Dkt. # 71).

In his most recent moving papers, Ruocco claims that "agents, servants and persons in active concert and participation with the defendants" have discontinued his pain management narcotics. Ruocco seeks an order from this court compelling defendants to provide the specific medication he requests.

Again, Ruocco may not assert his new claims in the above-

captioned matter.  The court must have <u>in personam</u> jurisdiction over a person before it can validly enter an injunction against that person.  The unnamed "agents, servants and persons in active concert and participation with the defendants" are not defendants in this case.  Thus, the court lacks jurisdiction to enjoin the unnamed persons' actions.

Also, as with Ruocco's previous request for injunctive relief, the incidents about which Ruocco now complains are unrelated to the incidents giving rise to the above-captioned lawsuit.  Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  See <u>id.</u>; see also <u>Omega World Travel, Inc. v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The remaining allegations set forth in the complaint in the above-captioned matter relate to defendants Stein and Tung and the treatment they provided to Ruocco at the Bridgeport

Correctional Center and the Garner Correctional Institution, respectively, during various time periods between 1999 and 2001. In his moving papers, Ruocco complains about the present conduct of certain unnamed members of the Osborn Correctional Institution's medical staff. Although Ruocco now claims that the unnamed persons are acting in concert with Stein and Tung in retaliation for continuing to pursue his claims against them, there is no evidence that Tung or Stein control Ruocco's present medical care regime. Thus, Ruocco's current request for preliminary injunctive relief is beyond the scope of this action.

Should Ruocco wish to obtain the relief he seeks, he must initiate a new lawsuit against the people he believes are violating his rights. He must state his new claims in a complaint, and must comply with the service requirements of the Federal Rules of Civil Procedure. Ruocco may, of course, move for a preliminary injunction at the same time he files his new complaint. The court takes no position on the merits of Ruocco's motions, and he is free to re-assert them in any subsequent lawsuit. However, the principles discussed herein simply preclude Ruocco from asserting his new claims in the above-captioned lawsuit.

Therefore, Ruocco's motion for a preliminary injunction (dkt. # 72) is **DENIED without prejudice** to renewal in a subsequent lawsuit.

So ordered this 17th day of July, 2004.

／s／ DOMINIC J. SQUATRITO
**UNITED STATES DISTRICT JUDGE**