United States District Court
District of Connecticut
FILED AT BRIDGEPORT

8-30-2005

Kevin F. Rowe, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUSTIN RUOCCO | : | CIVIL NO. 3:02CV1443 (SRU) |
| V. | : | |
| MINGZER TUNG, M.D., ET AL. | : | |
| DUSTIN RUOCCO | : | CIVIL NO. 3:04CV1561 (SRU) |
| V. | : | |
| DR. PILLAI, ET AL. | : | AUGUST 30, 2005 |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the plaintiff, **Dustin Ruocco**, any agents, representatives, heirs, executors, administrators, survivors and assigns, and the State of Connecticut, its officials, employees and representatives, and any and all defendants in civil actions entitled Dustin Ruocco v. Dr. Tung, et al., Civil No. 3:02cv1443 (SRU) and Dustin Ruocco v. Dr. Pillai, et al., Civil No. 3:04cv1561 (SRU).

### RECITALS

**WHEREAS**, the plaintiff filed the above entitled civil actions in Federal District Court for Connecticut, claiming the defendants violated his rights;

**WHEREAS**, the defendants and the State of Connecticut deny any wrongdoing with respect to any federal or state law, ordinance, statute, regulation, right, guideline, order or common law principle with respect to the plaintiff's claims;

**WHEREAS**, the plaintiff, the State of Connecticut and the defendants desire to avoid further litigation and controversy and wish to resolve, settle and compromise any and all claims, and all differences between and among them which could give rise to a claim in this cause of action.

1. The plaintiff agrees to withdraw the above-entitled actions with prejudice.

2. The State of Connecticut shall pay to the plaintiff the sum of $4,250.00 (four thousand two hundred fifty dollars) within thirty days of his discharge from custody by the Connecticut Department of Correction.

3. The State of Connecticut will allow the plaintiff to be evaluated by a physician from Yale Medical School, i.e., Dr. Michael Baumgartner.

4. The State of Connecticut will pay Dr. Baumgartner for the evaluation in an amount not to exceed $750.00 (seven hundred fifty dollars).

5. No other payments will be made by the defendants or the State of Connecticut.

6. In consideration of this Agreement and the amounts paid in paragraphs 2 and 4, above, the plaintiff and all of his representatives fully releases and discharges the defendants and the State of Connecticut itself, and each of its respective current or former employees, officers, agents, successors, legal representatives and assigns, from any and all civil claims, actions, causes of action, demands, rights, damages, costs, expenses, attorney's fees and compensation in any form whatsoever, whether known or unknown, which he had or now currently has, against the State of Connecticut, on account of or in any way growing out of his incarceration by the State of Connecticut and/or any claim in this action or any claims which were or could have been asserted in this action, claims for legal fees and expenses, and any and all claims for damages, or

injury to any entity, person, property or reputation, claims for emotional distress, breach of contract, economic loss, commissions, wages, bonuses, incentives, severance compensation, employment benefits, workers' compensation, unemployment compensation, tort claims and claims under any other Federal, State or local law, statute, ordinance, guideline, regulation, order or common-law principle, from the beginning of time to the date of the signing of this Agreement.

7.  The State of Connecticut agrees it will not seek any costs of incarceration from the sums paid pursuant to this Agreement.

8.  The parties expressly state that nothing in this Agreement shall be construed as an admission of wrongdoing by any defendant, State of Connecticut, its employees, agents, officers, officials or representatives of any kind. The parties do not admit or agree necessarily with the assertions of the other party. The parties agree this settlement represents a good faith settlement of disputed issues of fact and law.

9.  In the event that the Department of Corrections declines to follow the recommendations of Dr. Baumgartner, the plaintiff will not be bound by this settlement agreement and this case will be reactivated for further proceedings before the Court.

Personally appeared, the plaintiff, **Dustin Ruocco**, who affirms that the signing of this Agreement is his free act and deed.

_____   8/30/05
Dustin Ruocco                     Date
Plaintiff


DEFENDANTS/STATE OF CONNECTICUT


BY: _____   8/30/05
Michael J. Lanoue                    Date
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar #ct05195


*Approved and so ordered.*

*USDJ*
*8/30/05*

4