UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUSTIN RUOCCO
V.
DR. MINGZER TUNG, ET AL.

CIVIL NO. 3:02 CV 1443 (SRU)

FEBRUARY 22, 2006

FILED
2006 FEB 28  P 3: 52
U.S. DISTRICT COURT

## MOTION FOR RECONSIDERATION OF PLAINTIFFS MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS

THE PLAINTIFF RESPECTFULLY REQUESTS, PURSUANT TO LOCAL RULE 9(e) THE COURT RECONSIDER HIS MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS BASED ON THE FOLLOWING FACTS AND REASONS:

1. THE MEDICAL RECORDS SENT BY THE DEFENDANTS TO WHAT WAS SUPPOSED TO BE AN INDEPENDANT MEDICAL EVALUATION BY DR. BAUMGAERTNER HAD NOTHING TO DO WITH THE PLAINTIFFS INJURY HISTORY. INSTEAD THEY ARE HIGHLY PREJUDICIAL, SUGGESTIVE, DISCRIMINATE AND UNFOUNDED LIBELOUS STATEMENTS, WHICH ARE ACTUALLY NAMED AS SUCH AND ARE PART OF THIS ACTION.

B) PROVIDING THESE MEDICAL RECORDS TO DR. BAUMGAERTNER HAD ABSOLUTELY NO MEDICAL VALUE IN SHOWING THE HISTORY OF THIS INJURY OR WHICH CORRECTIVE MEASURES/PROCEDURES HAVE BEEN DONE IN ATTEMPTS AT A PERMANANT FIX.

C) THE PLAINTIFF NEVER SIGNED A RELEASE OF INFORMATION PERMITTING HIS CONFIDENTIAL D.O.C. MEDICAL RECORDS TO BE SENT TO DR. BAUMGAERTNER OR ANYONE ELSEWHERE BY THE DEFENDANTS FOR THIS PURPOSE.

1.

D) The actual medical history of the plaintiffs injury from the emergency room through all the consulted specialists and numerous documented procedures, all of which the defendants have copies of as part of the plaintiffs D.O.C. medical file were conveniently with-held by the defendants and not sent to Dr. Baumgaertner for his review.

E) These actual medical records were given to Dr. Baumgaertner by the plaintiff only after his review of the records sent by the defendants had already created an unfair bias in a "independant exam" with the unfounded slanderous statements which have nothing to do with the factual medical history of the plaintiffs serious injury.

2. On September 26, 2005 the plaintiff was transferred back to Osborn C.I. where defendant Dr. Pillai is the medical doctor.

B) On September 27, 2005 the plaintiff was seen by a staff nurse for a routine medical intake, where because of his serious medical issues he was issued (30) thirty day temporary passes for (1) Bottom Bunk/Bottom Tier (no stairs) and (2) Eat-In-Status. These passes expired on October 27, 2005 without the plaintiff being seen by a doctor like he was supposed to have been and he asked daily to be seen.

C) Since the plaintiff has been back at Osborn CI he has never walked to the chowhall, it is much to painful for him to endure.

3. ON NOVEMBER 17, 2005 TOGETHER, DEFENDANT DR. PILLAI AND THE PLAINTIFF REVIEWED DR. BAUMGAERTNERS EVALUATION AND AT WHICH TIME THE PLAINTIFF ALLOWED DR. PILLAI TO REVIEW THE AUGUST 30, 2005 SETTLEMENT AGREEMENT, SPECIFICALLY POINTING OUT PROVISION/PARAGRAPH #9 WHICH WOULD PERMIT THIS CASE TO BE REACTIVATED SHOULD HE DECLINE TO FOLLOW THE SIMPLE RECOMMENDATIONS MADE BY DR. BAUMGAERTNER WHICH WERE "GIVEN HIS SOCIAL SITUATION" (1) ACTIVITY MODIFICATION TO AMELIORATE HIS PAIN ASSOCIATED WITH INCREASED ACTIVITY AND (2) MODIFIED SHOE WEAR, "BENIGN NEGLECT"

B) DEFENDANT DR. PILLAI UNEQUIVOCALLY DECLINED TO FOLLOW DR. BAUMGAERTNERS RECOMMENDATIONS AT ALL. HIS BLATANT REFUSAL TO PROVIDE THE PLAINTIFF WITH THE NECESSARY MEDICAL PASSES THAT WOULD ALLOW HIS ACTIVITIES AND SHOEWEAR TO BE MODIFIED IN THE FACILITY AGAIN CONFIRM THE PLAINTIFFS DELIBERATE INDIFFERENCE CLAIM.

C) DEFENDANT DR. PILLAI MADE THIS DECISION KNOWING THAT THE PLAINTIFF COULD NOT AND HAS NOT WALKED THE VERY LONG DISTANCE TO THE "CHOW HALL" FROM THE HOUSING UNIT, WHICH IS APPROXIMATELY (½) A HALF OF A MILE ROUND TRIP FOR EACH MEAL, FOR (3) THREE MEALS EACH DAY APPROXIMATELY (1½) ONE AND A HALF MILES OF WALKING IS REQUIRED. THIS ALONE DIRECTLY CONTRADICTS DR. BAUMGAERTNERS CLEAR RECOMMENDATION TO MODIFY ACTIVITIES AND SHOEWEAR.

3.

4. IN ADDITION TO THE BIAS CREATED BY THE DEFENDANTS DECEITFULLY, AND WITHOUT AUTHORIZATION, SENDING ONLY THE LIBELOUS AND SUGGESTIVE D.O.C. MEDICAL RECORDS WHILE PURPOSEFULLY WITH-HOLDING THE TRUE MEDICAL HISTORY OF THE PLAINTIFFS INJURY FROM DR. BAUMGAERTNER. THE PLAINTIFF WOULD LIKE TO CALL INTO QUESTION THE OTHER BREACH'S IN THE SETTLEMENT AGREEMENT AS WELL AS OTHER FACTS ASSOCIATED WITH THE EXAMINATION, FINDINGS AND RECOMMENDATIONS OF DR. BAUMGAERTNER, HOWEVER, THE PLAINTIFF WISHES TO RESERVE THE RIGHT TO DO SO AT A LATER DATE WITH THE ASSISTANCE OF PROFESSIONAL COUNSEL WHICH WAS APPOINTED TO HELP NEGOTIATE THE SETTLEMENT AGREEMENT WHICH THE DEFENDANTS HAVE BREACHED IN MORE THAN ONE WAY, ALLOWING FOR THE PLAINTIFF TO FILE FOR REACTIVATION OF THIS CASE FOR FURTHER PROCEEDINGS.

WHEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THIS COURT GRANT HIS MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH PARAGRAPH #9 OF THE SETTLEMENT AGREEMENT, IN EFFECT MAKING SAID AGREEMENT NULL AND VOID.

THE PLAINTIFF FURTHER REQUESTS THE COURT ARRANGE FOR FURTHER PROCEEDINGS IN THIS MATTER TO TAKE PLACE AT THE COURTS EARLIEST CONVENIENCE.

RESPECTFULLY SUBMITTED,

*Dustin Ruocco*
DUSTIN RUOCCO
- PLAINTIFF -

4.