UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUSTIN RUOCCO :  CIVIL NO. 3:02CV1443 (SRU)
V. :
DR. MINGZER TUNG, ET AL. :  FEBRUARY 22, 2006

FILED
2006 FEB 28 P 3:52
U.S. DISTRICT COURT
BRIDGEPORT, CONN

<u>DECLARATION IN SUPPORT OF PLAINTIFFS MOTION FOR</u>
<u>RECONSIDERATION ON HIS MOTION TO REACTIVATE CASE</u>
<u>FOR FURTHER PROCEEDINGS</u>

DUSTIN RUOCCO STATES:

1. I AM THE PLAINTIFF IN THE ABOVE ENTITLED ACTION. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR RECONSIDERATION ON MY MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS.

2. ON SEPTEMBER 26, 2005 I WAS TRANSFERRED BACK TO OSBORN CI, WHERE DEFENDANT DR. PILLAI IS THE MEDICAL DOCTOR.

3. ON SEPTEMBER 27, 2005 I WAS SEEN BY A STAFF NURSE FOR MY ROUTINE INTAKE MEDICAL EXAM, AT WHICH TIME BECAUSE OF MY SERIOUS ONGOING MEDICAL NEEDS I WAS IMMEDIATELY ISSUED (THIRTY) 30-DAY TEMPORARY PASSES TO HELP MODIFY MY ACTIVITIES AND LIMIT THE UNNECESSARY SEVERE PAIN CAUSED BY BEING ON MY FOOT, UNTIL I WOULD SEE A DOCTOR FOR PERMANANT PASSES. THE PASSES WERE: BOTTOM BUNK- BOTTOM TIER (NO STAIRS) AND EAT-IN-STATUS (FEEDBACK). (THESE ARE THE SAME PASSES I HAD AT THE FACILITY I WAS TRANSFERRED FROM; CORRIGAN CI)

1.

4. THE EAT-IN-STATUS (FEEDBACK) PASS WAS ISSUED BECAUSE THE DISTANCE THAT I MUST WALK FROM THE HOUSING UNIT TO THE "CHOWHALL" WHERE MEALS ARE SERVED IS APPROXIMATELY (1/4) A QUARTER OF A MILE ONE WAY. THAT IS APPROXIMATELY (1 1/2) ONE AND A HALF MILES OF WALKING JUST TO EAT (3) THREE MEALS A DAY, WHICH IS NOT FEASIBLE WITH MY CONSTANT SEVERE PAIN.

5. THE DEFENDANTS LET THE PASSES ISSUED SEPTEMBER 27, 2005, EXPIRE ON OCTOBER 27, 2005 WITHOUT A DOCTOR SEEING ME. I NOTIFIED A NURSE AND/OR MEDICAL STAFF DAILY OF MY INABILITY TO WALK THE DISTANCE TO EAT, NOTHING WAS DONE, I WAS TOLD TO WORK IT OUT ON MY OWN.

6. I WAS FINALLY SEEN BY DEFENDANT, DR. PILLAI ON NOVEMBER 17, 2005, THAT WAS WHEN WE REVIEWED TOGETHER BOTH DR. BAUMGAERTNERS RECOMMENDATIONS AND THE AUGUST 30, 2005 SETTLEMENT AGREEMENT.

7. ON NOVEMBER 17, 2005 DEFENDANT, DR. PILLAI DID NOT DO ANY EXAMINATION AT ALL. TOGETHER HE AND I REVIEWED BOTH DR. BAUMGAERTNERS RECOMMENDATIONS AND THE AUGUST 30, 2005 SETTLEMENT AGREEMENT AT WHICH TIME I SPECIFICALLY POINTED OUT PARAGRAPH/PROVISION #9. SUBSEQUENT TO GOING OVER BOTH DOCUMENTS, DEFENDANT DR. PILLAI UNEQUIVOCALLY REFUSED TO WRITE PASSES FOR EAT-IN-STATUS (FEEDBACK) OR BOTTOM TIER (NO STAIRS) OR INSTITUTE A PLAN FOR ACTIVITY MODIFICATION HE ONLY ORDERED A BOTTOM BUNK PASS.

8. I HAD A VALID PASS FOR BOTTOM TIER (NO STAIRS) AT OSBORN C.I. SINCE SEPTEMBER 27, 2002 THAT WAS ISSUED BY DEFENDANT, DR. PILLAI, HOWEVER, BECAUSE I WENT TO ANOTHER FACILITY FOR APPROXIMATELY (8) EIGHT MONTHS AND CAME BACK TO OSBORN C.I., ALL PASSES MUST BE REORDERED TO BE VALID. DEFENDANT DR. PILLAI REFUSED TO REORDER IT.

9. I SHOWED DEFENDANT DR. PILLAI THE VALID PASS'(S) I HAD AT CORRIGAN C.I. FOR: BOTTOM BUNK, BOTTOM TIER (NO STAIRS) AND EAT IN STATUS (FEEDBACK). DEFENDANT DR. PILLAI STILL REFUSED TO ORDER THE PASSES NECESSARY TO ALLOW FOR ANY ACTIVITY MODIFICATION IN ACCORDANCE WITH DR. BAUMGAERTNERS CLEAR RECOMMENDATIONS FOR ACTIVITY MODIFICATION, IN DOING SO THIS CERTAINLY VIOLATES PARAGRAPH / PROVISION #9 OF THE AUGUST 30, 2005 SETTLEMENT AGREEMENT, THUS, ALLOWING FOR THE REACTIVATION OF THESE CASES.

10. WHILE I WAS BEING PROVIDED THE NECESSARY PAIN MANAGEMENT MEDICATION REGIMEN BY THE DEFENDANTS FROM 2002 - THROUGH 2004, MY CONSTANT SEVERE PAIN WAS CONTROLLED ENOUGH THAT I WAS ABLE TO WALK THE CONSIDERABLE DISTANCE FROM MY HOUSING UNIT TO THE "CHOWHALL" AT LEAST (1) ONE TIME PER DAY AND MANY DAYS I COULD MAKE THE WALK (2) TWO TIMES A DAY, NEVER HAVE I BEEN ABLE TO MAKE THAT VERY LONG WALK (3) THREE TIMES A DAY.

11. IN MAY - JUNE 2004 WHEN THE DEFENDANTS ABRUPTLY AND UNJUSTIFIABLY STOPPED PROVIDING THE APPROPRIATE / NECESSARY PAIN MANAGEMENT MEDICATION REGIMEN I BEGAN TO BE IN TO MUCH CONSTANT EXCRUCIATING PAIN TO WALK SUCH DISTANCES.

12. I HAVE MADE ATTEMPTS TO WALK THE DISTANCE TO THE CHOWHALL AND THE PAIN WAS TO MUCH TO TOLERATE, FORCING ME TO TURN BACK WITHOUT EATING ALSO CAUSING INCREASED SEVERITY OF MY CONSTANT PAIN FOR THE NEXT FEW DAYS.

13. I WENT THROUGH THIS WITH THESE DEFENDANTS IN 2004 AND IS PART OF THIS ACTION. BECAUSE OF MY INABILITY TO WALK THE DISTANCE TO THE CHOWHALL, I DID NOT EAT ANY NOR WAS I PROVIDED WITH ANY STATE MEALS FOR (119) ONE HUNDRED AND NINETEEN CONSECUTIVE DAYS, SURVIVING SOLELY OFF OF JUNK-FOOD PURCHASED BY ME FROM THE PRISON COMMISSARY.

14. ON THE (119) ONE HUNDRED NINETEENTH DAY A HIGH RANKING CUSTODY OFFICIAL WHO WAS AWARE OF THE PROBLEM WITH THESE DEFENDANTS, AND OF MY NOT BEING FED, STEPPED IN AND ORDERED MY MEALS BE BROUGHT TO ME IN MY HOUSING UNIT TO PREVENT ME FROM BECOMING EVEN SICKER FROM NOT BEING PROPERLY FED.

15. IT IS ABSOLUTELY NOT THIS CUSTODY OFFICIALS OR ANY OTHER CUSTODY OFFICIAL'S RESPONSIBILITY TO ORDER MY MEALS, WHEN IT IS MY MEDICAL ISSUES THAT PREVENT ME FROM BEING ABLE TO WALK THE DISTANCE TO GET MY MEALS. THE RESPONSIBILITY IS CLEARLY THE DEFENDANTS AND THEY HAVE SHIRKED THEIR RESPONSIBILITY THEN AND AGAIN NOW.

4.

16. Because of my inability to walk considerable distances, walk up-or-down stairs, or wear a shoe for any significant period of time. I am forced to not participate in any outside of the housing unit recreation (gym-library-ect..) This is also very unfair.

17. Everyone is entitled to and gets, (unless your being punished in segregation), (2) two (1) one hour recreation periods out of the cell. One is out of the housing unit (gym-library-ect..) and one is in the housing unit (shower, phonecalls, ect..).

18. I am forced to forfeit one of my two recreation periods every day because of the defendants refusal to simply treat my painful condition. The one recreation period I can participate in is wasted waiting in line to use the shower.

19. I had a medical pass issued to me on December 27, 2002 by another D.O.C. doctor, not a defendant in this case, which allowed me to use the shower during the out of the housing unit recreation period, leaving the one hour a day in the housing unit recreation period for me to actually get as much exercise as my severe foot pain would allow me to.

5.

20. THIS PASS WAS TAKEN AWAY, FOR NO REASON, BY DEFENDANT DR. GITTZUS ON JUNE 25, 2003, AS A WAY TO FURTHER PUNISH ME AND IS A PART OF WHY THIS ACTION WAS FILED.

21. I HAVE NEVER WALKED THE DISTANCE TO THE CHOWHALL BECAUSE OF MY CONSTANT SEVERE PAIN, SINCE I WAS TRANSFERRED BACK TO OSBORN C.I. ON SEPTEMBER 26, 2005, AND THE TEMPORARY (30) THIRTY DAY EAT-IN-STATUS PASS EXPIRED ON OCTOBER 27, 2005 AND AGAIN THESE DEFENDANTS HAVE REFUSED TO ORDER MY MEALS AND PROVIDE EVEN BASIC NUTRITION TO ME, TO PREVENT MY HEALTH FROM CONTINUING TO DECLINE.

22. THIS TIME MORE THAN ONE HIGH RANKING CUSTODY OFFICIAL HAS HAD TO STEP IN TO PREVENT A FURTHER DECLINE IN MY HEALTH. EVEN THOUGH IT IS NOT THEIR RESPONSIBILITY, THESE OFFICIALS HAVE TRIED TO MAKE SURE I AM FED EVERY DAY.

23. MY PHYSICAL HEALTH HAS SIGNIFICANTLY DETERIORATED SINCE THESE DEFENDANTS HAVE BEEN RESPONSIBLE FOR MY MEDICAL CARE. BEING IN A SMALL CELL 23+ HOURS A DAY IN SEVERE PAIN, WITH ALMOST NO EXCERCISE AND NOT BEING PROVIDED MEALS HAS HAD SERIOUS EFFECTS ON ME, THIS HAS BEEN GOING ON FOR OVER (1½) A YEAR AND A HALF AT THIS POINT.

24. DEFENDANT, DR. PILLAI HAS CLEARLY REFUSED TO FOLLOW EVEN THE VERY BASIC RECOMMENDATIONS MADE BY DR. BAUMGAERTNER TO SIMPLY MODIFY MY ACTIVITIES AND SHOE WEAR TO AMELIORATE THE AMOUNT OF CONSTANT SEVERE PAIN I AM FORCED TO ENDURE, DESPITE HAVING AMPLE TIME TO DO SO. HE HAS BLATANTLY REFUSED, FOR APPROXIMATELY (90+) NINETY (DMR) ~~SEVENTY~~ + DAYS NOW TO EVEN PROVIDE ME WITH MEALS TO ENSURE I GET PROPER NUTRITION, AND HE HAS ADAMANTLY REFUSED TO INSTITUTE ANY TYPE OF PLAN WHICH WOULD ALLOW ME, THE PLAINTIFF, TO MODIFY MY ACTIVITIES AND SHOE WEAR IN ANY WAY, PERMITTING THE ALLEVIATION OF AT LEAST SOME OF THE UNNECESSARY SUFFERING I AM BEING FORCED TO ENDURE BY THE DEFENDANTS CEASELESS ACTS OF DELIBERATE INDIFFERENCE TO MY KNOWN SERIOUS AND VERY PAINFUL MEDICAL CONDITION.

25. THE DEFENDANTS HAVE CLEARLY VIOLATED THE AUGUST 30, 2005 SETTLEMENT AGREEMENT IN NUMEROUS WAYS AS DELINEATED IN MY MOTION FOR RECONSIDERATION OF MY MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS AND THIS DECLARATION IN SUPPORT OF THAT MOTION.

26. I AM STILL BEING MADE TO SUFFER UNNECESSARILY IN CONSTANT DEBILITATING PAIN WHICH COULD HAVE BEEN A EASILY DECREASED OVER (3) THREE MONTHS AGO, INSTEAD I AM BEING SUBJECTED TO FURTHER UNRELENTING CRUEL AND UNUSUAL PUNISHMENT, DESPITE CLEAR RECOMMENDATIONS AND WHAT COULD HAVE BEEN AN EASY SOLUTION.

27. I DUSTIN RUOCCO, THE PLAINTIFF IN THIS CASE RESPECTFULLY REQUEST THIS COURT REACTIVATE THIS CASE FOR FURTHER PROCEEDINGS AT THE COURTS EARLIEST CONVENIENCE PURSUANT TO PARAGRAPH/PROVISION #9 OF THE AUGUST 30, 2005 SETTLEMENT AGREEMENT WHICH ALLOWS FOR THE COURT TO ORDER THE PLAINTIFF NOT BE BOUND BY SAID AGREEMENT AND THE COURT TO REACTIVATE THIS CASE FOR FURTHER PROCEEDINGS BEFORE THIS COURT, BECAUSE THE DEFENDANTS HAVE BREACHED THE PROVISIONS OF SAID AGREEMENT IN MORE THAN ONE WAY.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

*Dustin Ruocco*
DUSTIN RUOCCO
PLAINTIFF

8.

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THIS 22ND DAY OF FEBRUARY 2006:

MICHAEL J. LANOUE
ASSISTANT ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT. 06105

*Dustin Ruocco*
- DUSTIN RUOCCO -
- PLAINTIFF -