UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUSTIN RUOCCO | : | CIVIL NO. 3:02cv1443 (SRU) |
| v. | : | |
| DR. MINGZER TUNG, ET AL. | : | MARCH 16, 2006 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REACTIVATE CASE FOR FURTHER PROCEEDINGS AND REQUEST FOR ORDER**

The defendants respond to plaintiff's Motion to Reactive the case as follows:

1. The plaintiff is represented by counsel and his Motion to Reinstate, filed pro se, should not be allowed.

2. In accordance with the Settlement Agreement, the Connecticut Department of Correction through the University of Connecticut Health Center arranged to have the plaintiff evaluated by Dr. Michael Baumgartner at the Yale Medical School.

3. Prior to the plaintiff's appointment with Dr. Baumgartner, undersigned counsel sent the plaintiff's medical records to Dr. Baumgartner for whatever use he deemed appropriate. See Exhibit A.

4. Review of a patient's medical history is consistent with Community Standards of Medicine in performing an evaluation of the plaintiff's, or any other patient's, medical condition.

5. Nothing in the Settlement Agreement prohibited compliance with standards set forth in paragraph 3, above.

6. Dr. Baumgartner has not provided a copy of his findings to the Department of Correction.

7. The plaintiff has received a copy of Dr. Baumgartner's findings, but has refused to supply a copy to physicians at Osborn Correctional Institution.

8.	The plaintiff allowed Dr. Pillai, at Osborn Correctional Institution, to read his copy and a note regarding the contents of Dr. Baumgartner's evaluation was entered in the plaintiff's Department of Correction medical records.  <u>See</u> Exhibit B.

9.	Based on Dr. Pillai's reading of the evaluation, Dr. Baumgartner found no objective basis for the plaintiff's complaints of pain.  He recommended that the plaintiff cease an activity if he was feeling discomfort, but did not feel any treatment with pharmaceuticals was needed or appropriate.

10.	The only issue is whether or not the defendants have complied with the recommendations of Dr. Baumgartner, and the plaintiff has refused to provide a copy of the report to the defendants or attach a copy for the Court's review.

**WHEREFORE**, the defendants respectfully request that the Court enter the following orders:

1.	Deny the plaintiff's Motion to Reactivate;

2.	Order the plaintiff to supply the original of Dr. Baumgartner's evaluation report to defendants' counsel for copying;

3.	Order plaintiff's counsel, Attorney Raymond J. Rigat, to provide defendants' counsel with any copies of reports by Dr. Baumgartner.

        DEFENDANTS
        Dr. Mingzer Tung, et al.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:_____/s/_____
        Michael J. Lanoue
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct85064
        E-Mail:  michael.lanoue@po.state.ct.us
        Tel: (860) 808-5450
        Fax: (860) 808-5591


## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of March 2006:

Dustin Ruocco #199580
Osborn Correctional Institution
P.O. Box 100
Somers, CT 06071

Raymond J. Rigat, Esq.
Gilbride & Rigat
23 East Main Street
Clinton, CT 06413


_____/s/_____
Michael J. Lanoue
Assistant Attorney General