UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUSTIN RUOCCO,                    :

    Plaintiff,               :

        vs.                 :          No. 3:02cv1443(SRU)(WIG)

MINGZER TUNG,                     :
ET AL.,
                    :
    Defendants.
------------------------------------------X


DUSTIN RUOCCO,                    :

    Plaintiff,               :

        vs.                 :          No. 3:04cv1561(SRU)(WIG)

OMPREKASH PILLAI,                 :
ET AL.,
                    :
    Defendants.
------------------------------------------X


## Ruling on Pending Motions

      Plaintiff, Dustin Ruocco, has filed a Motion to Reactivate Case for Further Proceedings in

both of the above-referenced cases.  He complains that Defendants have violated the Settlement

Agreement and General Release[1] dated August 30, 2005, in the following ways:

---

    [1] Paragraph 9 of the Settlement Agreement provides:

        In the event that the Department of Corrections declines to follow
        the recommendations of Dr. Baumgartner, the plaintiff will not be
        bound by this settlement agreement and this case will be
        reactivated for further proceedings before the Court.

1

(1) His medical evaluation by Dr. Baumgartner at Yale was supposed to be totally independent of any involvement by the Department of Corrections ("DOC"), yet DOC set up the appointment, spoke with Dr. Baumgartner, and sent over Plaintiff's medical file, which, he claims, was "full of suggestive and discriminate [sic] statements creating bias in this matter."

(2) The recommendations made by Dr. Baumgartner were declined by DOC doctors. Therefore, he asks the court to reactivate the case for further proceedings.

In a second motion, entitled a "Motion for Reconsideration,"[2] Plaintiff elaborates on these complaints. As to his first complaint, he alleges that Defendants withheld relevant documents but sent records, without Plaintiff's consent, unrelated to his injury history. With respect to his second complaint, he states that on November 17, 2005, he showed to DOC doctor Dr. Pillai the report from Dr. Baumgartner, which recommended "given his social situation, (1) activity modification to ameliorate his pain associated with increased activity and (2) modified shoe wear, 'benign neglect.'" He states that Dr. Pillai unequivocally declined to follow these recommendations by failing to write a pass for "eat-in status," so that he would not have to walk to the dining hall, or "bottom tier," so that he would not have to walk the stairs, although he did issue Plaintiff a bottom bunk pass.

Defendants do not deny that they set up Plaintiff's appointment with Dr. Baumgartner

---

[2] This "Motion for Reconsideration" is further support for the Motion to Reactivate. No ruling had been made on the Motion to Reactivate. Thus, there was nothing for the Court to reconsider.

and sent his medical records to Dr. Baumgartner for whatever purpose he deemed necessary. The Court finds no violation of the settlement agreement as to either of these actions by Defendants.

With respect to Plaintiff's claim that the DOC doctors have refused to follow Dr. Baumgartner's recommendations, Defendants state that neither Dr. Baumgartner nor Plaintiff has supplied them with a copy of Dr. Baumgartner's report. Plaintiff does not deny this. In fact, Plaintiff has not provided the Court with a copy of the report in connection with this motion.

Plaintiff did show a copy of Dr.Baumgartner's report to Dr. Pillai with DOC, who reported that Dr. Baumgartner recommended non-pharmacological therapy. Dr. Pillai also noted that Dr. Baumgartner had reported a lack of objective findings to substantiate Plaintiff's subjective complaints of pain. Dr. Pillai stated that he would discuss a possible activity modification plan and that there was no plan for pain medications at that time. There is nothing in the records that Defendants have provided the Court concerning modified shoes. Dr. Pillai did note that Plaintiff had refused to provide DOC with copies of the Court order and Dr. Baumgartner's report for their records.

Until the Court receives a copy of Dr. Baumgartner's report, as well as Plaintiff's medical records post-dating this examination, the Court has no basis for determining whether Defendants have violated the terms of the Settlement Agreement. Additionally, Plaintiff

3

should provide Defendants' counsel with a copy of the report.[3]

Therefore, Plaintiff's Motion to Reactivate [Doc. # 89 in 3:02cv1443; Doc. # 27 in 3:04cv1561] is denied without prejudice to renewal with appropriate supporting documentation.  Likewise, Plaintiff's Motion for Reconsideration [Doc. # 91 in 3:02cv1443; Doc. # 28 in 3:04cv1561] is denied without prejudice.  Defendants' Motion for an Order Requiring Plaintiff or his counsel to provide Defendants' counsel with Dr. Baumgartner's report for copying [Doc. # 94 in 3:02cv1443] is granted.

SO ORDERED, this   16th   day of May, 2006, at Bridgeport, Connecticut.


     /s/ *William I. Garfinkel*
     WILLIAM I. GARFINKEL
     United States Magistrate Judge

---

[3]  Defendants have filed a request that Plaintiff supply Defendants' counsel with the original of Dr. Baumgartner's report for copying or order Plaintiff's counsel, Attorney Raymond J. Rigat, to provide counsel with a copy of Dr. Baumgartner's report [Doc. # 94].  Plaintiff has not opposed this request.  Defendant's request for the report will be granted.

4