```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DUSTIN RUOCCO,                  :

      Plaintiff,                :

          vs.                   :       No. 3:02cv1443(SRU)(WIG)

MINGZER TUNG,                   :
ET AL.,
                                :
      Defendants.
-------------------------X


DUSTIN RUOCCO,                  :

      Plaintiff,                :

          vs.                   :       No. 3:04cv1561(SRU)(WIG)

OMPREKASH PILLAI,               :
ET AL.,
                                :
      Defendants.
-------------------------X
```

### Ruling on Plaintiff's Request for Renewal of Motions

This Court previously denied Plaintiff's pro se Motions to Reactivate Case for Further Proceedings based on Defendants' alleged violation of the August 30, 2005 Settlement Agreement and General Release.[1]  Attorney Rigat, who had represented Plaintiff,

---

[1] Paragraph 9 of the Settlement Agreement provides:

> In the event that the Department of Corrections declines to follow the recommendations of Dr. Baumgartner [sic], the plaintiff will not be bound by this settlement agreement and this case will be reactivated for further proceedings before the Court.

has now written the Court requesting that these motions be renewed based on the independent medical examination ("IME") report of Dr. Michael P. Baumgaertner, which he enclosed with his letter request.

Plaintiff's primary reason for requesting reactivation of his case was that the Department of Corrections ("DOC") had not followed the recommendations made by Dr. Baumgaertner, yet Plaintiff refused to provide Defendants with a copy of Dr. Baumgaertner's report other than showing it to Dr. Pillai with DOC. Additionally, he did not include a copy of the report with his motions to reactivate. As the Court noted, until the Court received a copy of Dr. Baumgaertner's report, as well as Plaintiff's medical records post-dating his IME, the Court had no basis for determining whether Defendants had violated the terms of the Settlement Agreement.

Attorney Rigat has now provided Defendants' counsel and the Court with Dr. Baumgaertner's report. The only recommendations in his report are the following:

> Personally, I would tend to manage this with non-pharmacologic agents, reassurance, modified shoe wear, and so-called "benign neglect."
>
> Given his current situation, I would discourage the chronic use of habituating analgesics and would be in favor of activity modification to ameliorate his pain complaints associated with increased activity.

Now that Defendants have this report, they should be given a reasonable opportunity to comply with Dr. Baumgaertner's recommendations – although the Court notes that his recommendations are rather non-specific and it is not at all clear in what manner Plaintiff contends that DOC has not complied with these recommendations.  Plaintiff's counsel should provide to Defense counsel in writing specific requests for treatment that were recommended by Dr. Baumgaertner but which are allegedly not being provided to Plaintiff by DOC.  Defense counsel shall have thirty days to respond to these requests, either by providing documentation that DOC is in fact providing this treatment to Plaintiff or by denying that such treatment was recommended by Dr. Baumgaertner or by explaining why such treatment is no longer necessary.  If the parties cannot resolve any matters in dispute, Plaintiff's counsel may then file a renewed motion to reactivate Plaintiff's cases.

Therefore, the Court will deny Attorney Rigat's request to renew the motions to reactivate, without prejudice to his later filing a renewed motion to reactivate upon the terms set forth above.

SO ORDERED, this __12th__ day of June, 2006, at Bridgeport, Connecticut.

                                       _/s/ William I. Garfinkel_
                                       WILLIAM I. GARFINKEL
                                       United States Magistrate Judge